UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOYD BAKER, ET AL                               CIVIL ACTION

VERSUS                                          NO. 03-678

HAROLD DEARIE, ET AL                            SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion for partial summary judgment filed by Canal Indemnity Company ("Canal") and motion for stay filed by Cameras America, L.L.C., Boyd Baker and Sarah Baker.  Having reviewed the record, the memoranda of counsel and the law, the Court has determined that partial summary judgment is appropriate for the following reasons.[1]

The parties appear to agree that the only remaining issue for the Court to determine is damages for failure to defend the Louisiana litigation.  The plaintiffs are seeking damages from Canal under both La. Rev. Stat. § 658 and La. Rev. Stat. § 1220.

---

[1]   The Court has been provided no persuasive legal authority in support of the motion to stay.

1

Section 658 provides for penalties and attorney's fees to an insured if the insurer, following a satisfactory proof of loss, fails to pay a claim within 30 days and the failure is "arbitrary, capricious, or without probable cause."[2] Hannover Corp. of America v. State Farm Mutual Automobile Insurance Co., 67 F.3d 70, 73 (5th Cir. 1995). Section 1220 imposes a duty of good faith and fair dealing on the insurer and provides for penalties if the insurer fails to pay a claim within 60 days following satisfactory proof of loss, when the failure is "arbitrary, capricious or without probable cause."[3] Id.

---

[2] Section 658(B)(1) provides in pertinent part:

Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim ...or failure to make such payment within thirty days after written agreement or settlement ..., when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of twenty-five percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, twenty-five percent of the difference between the amount paid or tendered and the amount found to be due.

[3] Section 1220A provides in pertinent part:

An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

Both statutes are penal, strictly construed and not invoked when the insurer has a reasonable basis for denying coverage. Id.; Saavedra v. Murphy Oil U.S.A., Inc., 930 F.2d, 1104, 1111 (5th Cir. 1991). Both are "similar in that each statute provides for penalty awards when an insurer has arbitrarily, capriciously or without probable cause failed to timely settle a claim." Real Asset Management, Inc. v. Lloyd's of London, 61 F.3d 1223, 1233 (5th Cir. 1995). A finding in favor of coverage does not necessarily equate to a finding that the insurers' actions in denying coverage were arbitrary, capricious or without probable cause. Milky Way Barge, Inc. v. Land & Offshore Services, Inc., 824 F.2d 376, 385 (5th Cir. 1987). The phrase "arbitrary, capricious, or without probable cause" means "vexatious." Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250, 1253 (La. 1993). "An unfavorable judgment does not automatically subject an insurer to penalties ..." Morey v. Western American Specialized Transportation Services, Inc., 968 F.2d 494, 499 (5th Cir.

---

Section 1220B(5) provides that the duty of good faith and fair dealing is breached by:
> Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

Section 1220C provides in pertinent part:
> In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

1992). "If the insurer's interpretation of its policy provision is reasonable, the denial of the claim is not arbitrary so as to require imposition of a penalty, and the insurer has a right to a judicial determination." Cotlar v. Gulf Insurance Co., 318 So. 2d 923 (La. App. 4th Cir. 1975).

In this motion, Canal first argues that damages under Section 658 are unavailable as a matter of law.[4] It bases this argument on the undisputed fact that this Court previously found that there was no duty to defend because there was no possible provision for coverage of the plaintiff's claims in the Canal policy, which provided for an attendant duty to defend the insured against suits "to which this insurance applies."[5] The plaintiffs argue that the state trial court has denied this motion and set a jury trial on the issues now under consideration.[6]

Here, the insureds have chosen to litigate their claims against the insurer in two fora and invited the possibility of conflicting opinions. Canal actually received a

---

[4] The motion does not seek dismissal of any claim under Section 1220 with this argument.

[5] The Court recognizes that a state court ruling to the contrary became final during the pendency of appeal in this matter.

[6] In this regard, the Court acknowledges the state court denial of summary judgment. It has not been provided with authority that this denial precludes this Court's consideration of the issues.

judicial determination supportive of its denial from this Court, the substance of which was not reviewed by the United States Court of Appeals for Fifth Circuit.

> We have described an insurer's actions as "arbitrary and capricious" when its willful refusal of a claim is not based on a good faith defense, ... or is unreasonable or without probable cause. ... However, where the insurer has legitimate doubts about coverage, the insurer has the right to litigate these questionable claims without being subjected to damages and penalties.

Calogero v. Safeway Insurance Company of Louisiana, 753 So.2d 170, 173 (La. 2000). "In light of our decision with respect to the issue of insurance coverage, this Court cannot be heard to say that the district court's finding [against penalties] was clearly erroneous." Milky Way, 825 F.2d at 385.  This Court finds that the insurer's reliance on a *bona fide* court order precludes a finding of arbitrariness, capriciousness, lack of probable cause, vexatiousness or bad faith for purposes of these penal statutes[7]. To hold otherwise would creates a dangerous precedent that would reach far beyond the confines of this litigation. The inequities apparent in allowing penalties are only compounded where, as here, the insureds invited the issue to be presented to two fora.

In any event, the facts related by plaintiffs do not create a genuine issue of

---

[7] The fact that the determination of penalties is a question of fact to be presented to the fact-finder does not eliminate the issue from the province of summary judgment where there is shown to be no genuine issue of material fact as to the vexatiousness of the parties' actions. See e.g. Hardy v. Hartford Insurance Co., 236 F.3d 287 (5th Cir. 2001); Morey, supra.

disputed fact for purposes of this motion.  The plaintiffs claim the requisite vexatiousness can be derived from facts that the insurance agent advised the insured that they had no coverage and refused to provide a defense, that an adjuster's deposition testimony that Canal does not follow orders of Louisiana judges because it does not understand them, that Canal denied a defense, that Canal "consciously confused and misled this Court as to the legal standard," that Canal settled the Louisiana state lawsuit, that Canal applied for writs to the Louisiana appellate court and subsequently refused to pay the plaintiffs' attorney's fees.  (Rec. Doc. 119, pp. 6-7).  These allegations fall short of the mark needed to survive summary judgment.

Canal's second argument focuses on the plaintiffs' claim under Section 1220 and finds its support in the following rule:

> The supreme court's review of the legislative history of 22:1220 makes it clear that the legislature did not intend by the enactment of that statute to impose additional penalties on insurers that breached their contractual duty to defend.  An insurer's failure to defend might be an egregious act, but it is not a claims settlement practice that would trigger the application of 22:1220.  For this reason, we find the trial court did not err in refusing to award damages and penalties ... under 22:1220.

Vaughn v. Franklin, 785 So.2d 79, 91-92 (La. App. 1st Cir. 2001).  The plaintiffs do not directly address this argument, but argue that the failure to tender undisputed fees owed by virtue of the duty to defend constitutes "*per se* bad faith" under Section 1220.

(Rec. Doc. 119, p. 10).  They do not provide legal authority for the proposition that attorneys fees owed under a duty to defend constitute a "claim" for purposes of either section.

There is authority for the proposition that where Section 1220 provides the greater penalty, it supersedes Section 658 such that the plaintiff can not recover under both statutes, with the possible exception of attorney's fees and costs.  <u>Calogero</u>, 753 So.2d at 174; <u>Felham Enterprises (Cayman) Ltd. v. Certain Underwriters at Lloyds</u>, 2005 WL 2050284 (E.D.La.).  There is also support for the more general proposition that the two sections are similar and "claims" under both sections can be simultaneously asserted.  See <u>Real Asset Management</u>, <u>supra</u>.  In this case, the Court's ruling that the requisite vexatiousness and bad faith is lacking as a matter of law for Section 658 equally applies to any claim under Section 1220.

Finally, the plaintiffs argue in opposition that they made a demand for attorney's fees after the Fifth Circuit ruled in this matter, and that Canal refused to tender any undisputed amount owed as required by <u>McDill v. Utica Mutual Insurance Co.</u>, 475 So.2d 1085 (La. 1985).   (Rec. Doc. 119, pp. 4 - 5).  In order to trigger the penalty provisions of both Section 658 and Section 1220, the insured has the burden of proving that the insurer failed to pay the claim within the specified date after receiving

"satisfactory proof of loss" of the claim.  Reed v. State Farm Mutual Automobile Insurance Co., 857 So.2d 1012, 1020 (La. 2003).  That term has been defined as proof sufficient to fully apprise the insurer of the claim.  McDill, supra.  A satisfactory proof of loss requires sufficient facts consists of sufficient facts which fully apprise the insurer of the extent of damages sought.   Id.  In the event the parties disagree as to the amount but agree that an undisputed amount is due, the insurer must unconditionally tender the undisputed  amount in order to avoid the statutory penalties.  Khaled v. Windham, 657 So.2d 672, 680. (La. App. 1st Cir. 1995).  "The tender must be made, considering the facts known to the insurer at the time of tender, in an amount over which reasonable minds could not differ was due the claimant."  Ken Brady Ford, Inc. v. Roshto, 607 So.2d 1062, 1065 (La. App. 3d Cir. 1992), citing, Wyble v. Allstate Insurance Co., 581 So.2d 325 (La. App. 3d Cir. 1991).

     Here, the plaintiffs have failed to provide sufficient proof of loss to which it is entitled.  The plaintiffs seek an award for certain reasonable attorney's fees, yet no itemization is provided.   Once the state court judgment finding a duty to defend was final, the underlying state law claim was settled in April 2005.  According to the email correspondence of December 28, 2005, attached to the plaintiffs' opposition, counsel for plaintiffs presented Canal with a "total bill" for all of the Louisiana state litigation,

although the amount is not set forth in the correspondence.  Canal then asked plaintiffs' counsel for "an itemized breakdown reflecting exactly what steps you took to defend the Mossy Motors claims in the CDC case, along with a specification of date of service , length of time spent for each service rendered, and the hourly rate charged."  (Rec. Doc. 119, Exh. 3).  This was an appropriate and reasonable request.   Within hours, however, counsel for the plaintiffs replied that he would be proceeding with the prosecution of their third-party claim against Canal in state court.  This correspondence occurred before the Fifth Circuit issued its opinion in this matter on December 29, 2005;  the mandate on that judgment issued on January 20, 2006.   On January 2, 2006, counsel for the plaintiffs provided counsel for Canal "my calculation" as to the total amount due for legal expenses in the Louisiana litigation as exceeding $112,000.

In light of the failure to tender satisfactory proof of attorney's fees and legal expenses owed, neither penal statutory provision is activated.  "[A] plaintiff who possesses information that would suffice as satisfactory proof of loss, but does not relay that information to the insurer is not entitled to a finding that the insurer was arbitrary or capricious."  Reed, 857 So.2d at 1021.  Here,  the plaintiffs' failure to provide adequate proof in the form of an itemization of attorney's fees and expenses precludes recovery under the penal statutes as a matter of law.

IT IS ORDERED that the motion for partial summary judgment filed by Canal Indemnity Company (Rec. Doc. 112) is GRANTED and the motion for stay filed by Cameras America, L.L.C., Boyd Baker and Sarah Baker (Rec. Doc. 115) is DENIED.

IT IS FURTHER ORDERED that the parties advise the Court in writing and no later than July 5, 2006 of the status of any remaining claims.

New Orleans, Louisiana, this 28th day of June, 2006.

                                                HELEN G. BERRIGAN  
                                                UNITED STATES DISTRICT JUDGE