UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOYD BAKER, ET AL                              CIVIL ACTION

VERSUS                                         NO. 03-678

HAROLD DEARIE, ET AL                           SECTION "C" (3)

OPINION

This matter was tried before the Court without a jury on September 25, 2006, and taken under advisement. Having considered the evidence, the record, the memoranda of counsel and the law, the Court issues its opinion.

The only matter remaining for the Court's determination concerns the amount, if any, of attorney's fees and costs owed to the plaintiffs attendant to the failure to defend litigation filed in Civil District Court for the Parish of Orleans, State of Louisiana, Mossy Motors, Inc. v. Cameras America, L.L.C., Case No. 2002-20594. ("Mossy litigation"). The specific issues concern the parameters of that award.

1

Certain relevant dates are uncontested.[1] Current counsel for the plaintiffs filed this federal lawsuit on March 7, 2003 during the pendency of the appeal of a $62,202.07 default judgment in favor of the plaintiff Mossy in the <u>Mossy</u> litigation and against the defendants in state court, who are plaintiffs in this matter. The federal plaintiffs filed the identical claims for duty to defend and coverage against Canal Indemnity Company ("Canal") in the <u>Mossy</u> litigation in December 2003. In March 2004, the state district court found that a duty to defend was owed, and in July 2004, this Court found the duty to defend was not owed. In May 2005, after the state appellate court had affirmed the state district court and while both appeals were still pending, Canal settled Mossy's claims against the plaintiffs in state court. The state court decision recognizing the duty to defend was affirmed and became final in December 2005 during the pendency of the federal appeal.[2]

---

[1] At trial, the Court deferred ruling on the admissibility of four exhibits, three of which consist of the state court rulings on the existence of Canal's duty to defend. The Court finds that these are admissible and relevant in providing background fact and dates. (Exhs. 20, 22 & 23). In this regard, the Court notes that copies of its Order and Reasons were not provided to the state court for its consideration. (Exh. 22, p. 3, fn. 1). The fourth document, apparently a memorandum to "Phil," is found to be inadmissible. The Court has not been provided with the identities of the parties to that document or an explanation as to relevance. (Exh. 21).

[2] The issue of coverage was never specifically litigated, although this Court's duty to defend analysis addressed the lack of coverage.

**Agency & Notice**

The first issue is whether Reginna Richard ("Richard") of Burghardt Insurance Agency ("Burghardt") was an agent of Canal in November 2001 when the plaintiff Sarah Baker ("Baker"), who is affiliated with Cameras America, L.L.C. ("Cameras America"), telephoned Richard concerning the subject loss at Mossy.[3] If Richard was Canal's agent for purposes of that notice, the call would constitute constructive knowledge to Canal for purposes of notice and its duty to defend. If Richard was not Canal's agent, the consequences of the lack of notice to Canal falls on the plaintiffs.

The uncontested facts indicate that Canal first received actual notice of any claim on February 17, 2003, when plaintiff's current counsel wrote a letter to Canal. That letter stated, in part, "[i]t is my understanding that this may be the first notice you have had of this litigation and your potential exposure under the policy ..." and included a "formal demand for a defense..." (Exh. 12). At the time that letter was written, a March 22, 2002, default judgment in the Mossy litigation against the federal plaintiffs had been taken, current counsel for the plaintiffs had been retained and current counsel

---

[3] It is undisputed that Richard advised Baker that there was no coverage for the loss and that neither plaintiffs, Richard nor anyone else notified Canal of the loss at that time. Richard also testified that Baker told her that she knew the loss was not covered. At trial, Baker testified that she could not recall making that admission to Richard.

was appealing the denial of the motion to set aside the default judgment.

The issue of whether Richard is an agent of Canal is a fact-based inquiry, and the existence of an agency relationship is not presumed. A broker is generally considered the agent of the insured. Tassin v. Golden Rule Insurance Co., 649 So.2d 1050 (1054 (La. App. 1st Cir. 1995). In Smason v. Celtic Life Insurance Co., 615 So.2d 1079, 1084 (La. App. 4th Cir. 1993), five factors were identified as relevant in determining whether an broker was an insurer's agent: (1) whether the agent had a direct relationship with the insurer; (2) whether the agent was the insurer's agent in fact; (3) whether there was an ongoing, prior relationship between the agent and the insurer; (4) whether the either the agent or the insurer had control over the other; (5) whether the insurer appointed the agent as its agent. The subjective view of a third-party insured was deemed irrelvant in Smason. At trial, the plaintiffs are unable to produce evidence supportive of any of these factors.[4]

In their memoranda, the plaintiffs state without explanation that Smason, supra, is not controlling. (Rec. Doc. 162). They argue that Tassin, supra, renders relevant the testimony that Richard and Burghardt were the persons to whom a claim should be

---

[4] Evidence was presented that Richard had a direct and ongoing relationship with Strickland General Agency of Louisiana, which was in fact the agent for Canal.

reported, and that <u>Tiner v. Aetna Life Insurance Co.</u>, 291 So.2d 774, 777 (La.1974), stands for the more general, and uncontroversial proposition that a broker may be an agent of the insured under certain circumstances.[5]  The courts in both of those cases found a broker to be the insurer's agent.  However, proof of the critical facts in both of those cases does not exist here.  In <u>Tassin</u>, 649 So.2d at 1054, the insurer provided the application forms used by the agent, listed the agent as its own and paid the licensing fees for the agent.  In <u>Tiner</u>, 291 So.2d at 776-778, the agent used application forms and rate books provided by the insurer, the forms and books were identical to those used by the insurer's own agents and the application was processed in the same way as an application provided by an agent of the insurer.

At trial, the Court heard testimony from Louis Crosby, Jr. ("Crosby"), president of Strickland General Agency of La., Inc. ("Strickland"), the general agent for Canal in Louisiana who, along with Richard and Daniel Burghardt, testified that no one at the Burghardt agency ever had authority to bind Canal and that no one at the Burghardt agency ever acted as agent for Canal in any capacity.   At trial, the plaintiffs seemed to misconstrue an answer provided by Richard at her deposition that she had

---

[5] The plaintiffs seem to argue that the <u>Tassin</u> and <u>Tiner</u> cases contradict <u>Smason</u>, when they all appear to compliment each other on what factors are relevant in an agency determination.

authority to bind Canal for application purposes.  A reading of that deposition extract indicates that Richard immediately specified that she had authority to "request" a company to bind coverage.  (Exh. 24, p. 20).  The plaintiffs also seemed to misunderstand signature identifications contained in the application filled out in this matter, which reveal that Baker signed as applicant and Richard signed as agent for the applicant, Baker.  In addition, the plaintiffs seem to assume that the fact that the application form was provided to Burghardt by Strickland, the general agent for Canal, is the equivalent of the form being provided by Canal for <u>Smason</u> purposes.

     The plaintiffs appear to be arguing that the fact that Richard was Canal's agent for claims purposes because Richard and Derrick Barry testified that notice of a claim should be given to the insurance agent such as Richard and Canal allegedly has no agent in the state.  (Rec. Doc. 162).   However, the evidence indicates that Strickland is an agent for Canal in Louisiana and Crosby testified that an agent such as Richard would in turn contact Strickland, which would contact the claims office.  In any event, there is no dispute that the policy itself provides that written notice of the claim be made to the insurer (Canal) and the address for Canal is featured prominently on the face of the policy.[6]

---

[6]    Although the plaintiffs do not seem to challenge the written notice requirement,  the policy provides that an insured "... must see to it that [Canal] are

Based on evidence presented, the Court finds that Richard was not acting as an agent of Canal in November 2001. Therefore, Canal received notice of the claim, for purposes of its duty to defend, came with the February 17, 2003, letter.

**Quantum**

Next, the plaintiffs argue that the amount of recoverable fees and costs should include those relating to setting aside the default judgment in state court. Ordinarily, the insurer's duty to defend begins when it receives notice. Cobb v. Empire Fire & Marine Insurance Co., 488 So.2d 349 (La. App. 3d Cir. 1986). Again, that date for present purposes is February 17, 2003.

Canal argues that its duty to defend does not relate to the default because the plaintiffs failed to comply with policy terms relating to prompt notice of claims and, in any event, that the amount recoverable is limited because it was prejudiced by the entry of default judgment prior to receipt of notice of the claim. The plaintiffs presented no evidence or law on this issue, which has existed throughout this litigation. "The rule in Louisiana is that where the requirement of timely notice is not an express condition precedent, the insurer must demonstrate that it was sufficiently prejudiced by the

---

notified as soon as practicable of an 'incurrence' or an offense which may result in a claim." (Exh. 3, Section IV, 2a). It also provides that the insureds "must see to it that [Canal] receive written notice of the claim or "suit" as soon as practicable." (Exh. 3, Section IV, 2b).

insured's late notice." Peavey v. M/V ANPA, 971 F.3d 1168, 1173 (5th Cir. 1992). See also Rovira v. LaGoDa, Inc., 551 So.2d 790 (La. App. 1990); Fully & Assoc. v. Wausau Insurance Companies, 536 So.2d 816 (La. App. 1st Cir. 1988). The Court finds that Canal was prejudiced by the existence of the default judgment against its insureds that accompanied its actual notice of the claim. This finding effectively disallows any recovery for amounts incurred with regard to the default judgment either pre-notice or post-notice.

In addition, Canal has maintained throughout this dispute that any amounts incurred in prosecuting either coverage and/or the duty to defend itself are not recoverable.[7] Canal provides support for the proposition that amounts relating to coverage are generally not recoverable in Steptoe v. Masco Constuction Co., Inc., 643 So.2d 1213, 1218 (La. 1994).

> However, the insurance contract did not impose a duty on the insurer to pay attorney's fees in connection with the insured's pursuit of the coverage issue. Nor are we directed to any statute providing for attorney's fees in this instance. Generally, if the insured hires an attorney to represent him in coverage disputes, he will have to bear those costs

---

[7]    The Fifth Circuit rule is that the duty to defend is a coverage issue for which the plaintiffs may not recover attorney's fees. Laura Plaza Associates, Inc. v. Gordon H. Kolb Development, Inc., 1993 WL 302695 (E.D.La.)(J. Clement), aff'd, 12 F.3d 208 (5th Cir. 1993) (refusing to follow Alombro v. Salman, 536 So.2d 764 (La. App 5th Cir. 1988)). See also Vaughan v. Franklin, 785 So. 2d 79 (La. App. 1st Cir. 2001); Howell v. American Casualty Co. of Reading, Pa., 691 So.2d 715 (La. App. 4th Cir. 1997).

> himself. ... Therefore, we hold that [insured] is entitled only to the attorney's fees incurred in defending the main demand.

The three cases cited by the plaintiffs on this issue for the proposition that "[n]one of the cases awarding fees in Louisiana make the distinction on the various aspects of the main demand ..." do not directly address this issue at all.  See <u>American Home Assurance Co. v. Czarniecki</u>, 230 So.2d 253 (LA. 1970); <u>Wainwright v. Moreno's, Inc.</u> 602 So.2d 734 (La. App. 3d Cir. 1992);  <u>Leon Lowe & Sons, Inc. v. Great American Surplus Lines Insurance co.</u>, 572 So.2d 206 (La. App. 1st Cir. 1990).

     Having determined that the plaintiffs are entitled to fees and expenses incurred with regard to the Louisiana litigation from February 17, 2003, except for those relating to the default judgment, the issue of amount is presented.   The absence of itemized bills for attorney's fees and costs has been an issue throughout this dispute.  Prior to trial, Canal specifically argued that the plaintiffs can not meet the burden of proof, "Other than the fees and costs incurred in overturning the Mossy default judgment, Canal defies plaintiffs to point to any legal work performed after February 17, 2003, which may validly be characterized as Mossy defense versus Canal coverage."  (Rec. Doc. 157, p. 7).

     Joseph E. Lee III ("Lee"), counsel for Mossy in the <u>Mossy</u> litigation, testified at

trial that after the default judgment in his client's favor was reversed by the Louisiana Fourth Circuit Court of Appeal in June 2003, his involvement was limited because of the concern that there was no insurance coverage responsive to any possible judgment.  He testified that he had some involvement with regard to the issue of coverage after June 2003,  that Canal's duty to defend the <u>Mossy</u> litigation was recognized by the Louisiana Fourth Circuit Court of Appeal in March 2005, and that he was involved in the settlement of the <u>Mossy</u> litigation with Canal and the plaintiffs in May 2005.   Other than the coverage issue, Lee testified that he was not involved in prosecution of the underlying claim in the <u>Mossy</u> litigation during the period between  June 2003 and May 2005.  He stated that Mossy's interest was aligned with Cameras America's with regard to coverage.[8]

Baker identified the summary of bills presented at trial.   However, no attorney representing the plaintiffs testified as to amounts owed or as to what specific work was performed with regard to the fees charged.  These circumstances present significant obstacles in determining any amount owed to the plaintiffs here.

The documentation for fees and costs allegedly owed to Taggart, Morton, Ogden,

---

[8]   Lee also testified that he was not involved with the <u>Mossy</u> litigation for a six month period, which is deemed largely inconsequential here since the court records in both the state and federal litigation indicate that the duty to defend and coverage issues were being litigate at relevant dates.

Staub, Rougelot & O'Brien, LLC bear a beginning date of January 2004 and an ending date of March 2005. (Exh. 18). These dates fall squarely into the period when the duty to defend and coverage issues were being litigated and appealed in both state and federal courts.

The bills submitted into evidence from the Slater Law Firm date between June-July 2002 were prior to notice having been given to Canal. (Exh. 19). The bill from the Jordan Law Firm reflect fees and costs incurred between October 2002 and February 2004, which either pre-date the February 2003 notice or were incurred when the issue of duty to defend and coverage was being litigated. (Exh 19).

The Court made every effort to obtain itemized billing from the plaintiffs during this difficult litigation. The record reflects that counsel for Canal asked counsel for the plaintiffs to itemize fees and costs when the duty to defend was finally affirmed in 2005, and that this request was refused. (Rec. Doc. 124, p. 9; Rec. Doc. 119, Exh. 3). For present purposes, the plaintiffs bear the burden of proving recoverable fees and costs by a preponderance of the evidence. At trial, the plaintiffs presented no evidence, through documentation or testimony, to distinguish fees and costs relating to specific issues. The dates when the duty to defend was litigated in state and federal court, considered with the persuasive testimony of Lee that he did not prosecute the Mossy litigation after

the default judgment was reversed, further undermine the plaintiffs case.  The Court finds that the plaintiffs have failed to prove by a preponderance of the evidence what amount, if any, they are entitled to recover.  While the Court is very sympathetic to the plight of Cameras America and the overall expense it has incurred in connection with this litigation, any award of fees and costs would be necessarily speculative based on the trial record presented.[9]

Accordingly,

IT IS ORDERED that judgment be entered against the plaintiffs and in favor of the defendant, Canal Indemnity Company, dismissing the plaintiffs' remaining claims with prejudice.

New Orleans, Louisiana, this 5th day of October, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[9] The Court notes that the underlying claim and default judgment in the Mossy litigation was in the approximate amount of $60,000.  Had the plaintiffs presented adequate proof at trial, this fact may have caused the Court to carefully examine the reasonableness of the fees sought by the plaintiffs and their decision to pursue this litigation in two fora.